This adjudication imports absolute verity, and is conclusive evidence that the plaintiff owed the defendant the rent alleged to be due in the petition, and that the defendant had the right to remove him for non-payment thereof, for that could not be the case if the defendant then had in his hands $10,000 of the plaintiff which he held by contract between them for the payment of the rent as it came due. That would have been a complete defense, and was necessarily comprehended in the issue whether the plaintiff was in arrears for rent and could be removed therefor. Nemetty v. Naylor, 100 N. Y. 562, 3 N. E. 497; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Barber v. Kendall, 158 N. Y. 401, 53 N. E. 1; Brown v. The Mayor, 66 N. Y. 385.

Apart from the foregoing, a careful reading of the evidence shows that the case is a grave one for the consideration of a motion to set the verdict aside on the ground of the weight of evidence, and the suggestion by this court on that head when the case was here before (104 App. Div. 94, 93 N. Y. Supp. 547) should be heeded.

Judgment reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.

---

## STANDARD PUB. CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

NEWSPAPERS—DESIGNATION—PUBLICATION OF ELECTION NOTICES.

Election Law, Laws 1896, p. 895, c. 909, § 5, requires the Secretary of State to send to each county clerk a notice of the day of election, and requires the county clerk to publish the notice once a week until election day in the newspapers designated to publish election notices. Section 136 (page 973) requires the county clerks to also publish the final result of the election canvass. Section 11, subd. 2 (page 900), as amended by Laws 1901, p. 239, c. 95, and by Laws 1901, p. 1320, c. 536, requires the board of elections to publish certain notices and to designate the newspapers for such publication, but does not include the notice of election mentioned in section 5, and further requires the board to execute the provisions of law relating to all elections, except as otherwise provided by law. County Law, Laws 1892, p. 1750, c. 686, § 22, requires the supervisors of each county to designate newspapers within which to publish the election notice, and to fix the compensation to be paid therefor. New York city charter, Laws 1897, p. 550, c. 378, § 1586, as amended by Laws 1901, p. 648, c. 466, transfers to the board of aldermen all the powers and duties of the boards of supervisors previously existing in the several counties within the territorial limits of the city of New York. *Held*, that the duty of the board of supervisors to designate newspapers to publish election notices in the city of New York, and to fix the compensation therefor, was transferred to the board of aldermen by the charter, and has not devolved upon the board of elections.

Appeal from Queens County Court.

Action by the Standard Publishing Company against the city of New York to recover the legal compensation for publishing an election notice. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Arthur C. Butts, for appellant.
F. H. Van Vechten, for respondent.

GAYNOR, J.    Section 5 of the election law (Laws 1896, p. 895, c. 909) requires the Secretary of State to send to each county clerk in the state three months before each general election a notice of the day of election and of each office to be filled; and that each county clerk shall forthwith file and record such notice in his office and publish it once a week until election day "in the newspapers designated to publish election notices."    It also requires such notice to be sent to the Board of Elections of the City of New York, but does not require such board to publish it.

In 1894 the county clerk of Queens county published such notice in the plaintiff's newspaper, and this action is to recover the legal compensation therefor.

Section 22 of the county law (Laws 1892, p. 1750, c. 686) makes it the duty of the supervisors of each county to designate two newspapers to publish such election notice and also the official canvass of elections, and to fix the compensation to be paid therefor.    The appellant does not dispute that the plaintiff's newspaper was regularly designated in 1899 under the said section.    That designation has continued unless another has been legally made.    The board of elections of the city of New York assumed to designate other newspapers in July 1904, and the question is whether it had power to do so.

By section 1586 of the city charter (Laws 1897, p. 550, c. 378), as amended in 1901 (Laws 1901, p. 648, c. 466), all powers and duties of the boards of supervisors theretofore existing in any of the counties within the territory of the city (of which Queens is one), and not transferred to any administrative department, board or official of the city, were transferred to the board of aldermen.    That board has never designated any newspaper to publish such election notice.

The appellant claims that the power of designation given to the supervisors by said section 22 of the county law (Laws 1892, p. 1750, c. 686) was transferred to the board of elections, but can point to no statute provision to that effect.    It is claimed, however, that the general scheme of the Election Law and the city charter taken together accomplishes that result.    But when such claim of legislative intention to concentrate all the powers and duties concerning elections in the city of New York in the board of elections is put to the test, it does not hold good.    The county clerks of the several counties within the city limits have to receive and publish such notice under section 5 of the election law (Laws 1896, p. 895, c. 909), as we have seen, and they also have to publish the final result of the election canvass.    Election Law, Laws 1896, p. 973, c. 909, § 136.    Also, on March 4th, 1904, the board of aldermen fixed the compensation to be paid for the publication of such notice, acting under the said section 22 of the county law (Laws 1892, p. 1750, c. 686) thus evincing the understanding that it

succeeded to that duty. And if to that why not to the other duty under the same section of designating the newspapers also? If the general scheme contended for exists, it ought to hold good at all points.

On reading the provisions of section 11 of the election law (Laws 1896, p. 900, c. 909) creating the board of elections and prescribing its powers and duties (as amended by Laws 1901, p. 238, c. 95, § 5), and also the like statute provisions in the city charters of 1882 and 1897 in respect of its predecessor, the bureau of elections, to whose powers and duties it succeeded (Laws 1882, c. 410; Laws 1897, c. 378), it will be found that while the power and duty of designating newspapers and publishing other notices are specifically given, they are not given in the particular here in dispute. And there are numerous powers and duties in respect of elections and the canvass of the votes not imposed on the board of elections.

To hold that the general provision of section 11 (subd. 2) of the election law (Laws 1896, p. 900, c. 909, as amended by Laws 1901, p. 239, c. 95, and amended by Laws 1901, p. 1320, c. 536) that the board of elections is charged with the duty of executing the provisions of law relating to all elections, "except as otherwise provided by law," imposes the duty here in dispute, would of course be to beg the whole question.

It is true that under section 22 of the county law the newspapers are not designated by the board of supervisors but by the members representing the two great political parties, each set designating one newspaper, in accordance with the practical interpretation of that section which prevails throughout the state. Ford v. Board, 92 App. Div. 119, 87 N. Y. Supp. 407. But that duty is meant to be devolved on the board of aldermen by section 1586 of the charter, although that section only mentions in terms powers and duties of boards of supervisors. The construction must not be so strict as to defeat the intention.

The judgment is affirmed.

Judgment of the County Court of Queens county affirmed, with costs. All concur.